FILED
SUPERIOR COURT
OF GUAM

2020 APR 24 PM 3:55

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CM0539-18 |
| vs. | **DECISION AND ORDER** |
| LARRY IGNACIO CAMACHO, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Defendant Larry Ignacio Camacho's ("Defendant") Motion to Dismiss Due to Civil Compromise ("Motion for Civil Compromise") filed March 6, 2020. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On November 13, 2018, Defendant was charged with Family Violence (As a Misdemeanor) and Criminal Mischief (As a Misdemeanor). (Magistrate's Compl., Nov. 13, 2018). These charges stem from allegations that Defendant, on or about November 12, 2018, woke up his wife, Ms. Octavia P. David, by banging and slamming on things in their house, causing their two year old baby to cry. (Decl. of Brendlynn O. Joseph, Magistrate's Compl., Nov. 13, 2018). Ms. Octavia got her cell phone to call for help, but Defendant grabbed the phone from her and threw it to the floor, breaking it. *Id.* Ms. Octavia stated that as she was standing near the open door while calling for her son so that they could get out of the house, Defendant ran up to

*People v. Camacho*
Case No. CM0539-18
Decision and Order

her and pushed her, causing her to fly out of the house onto the concrete, scraping her knee. *Id.* Ms. Octavia got up and ran to the street asking for help. *Id.* GPD Officers who responded to the scene observed an abrasion and bleeding on Ms. Octavia's knee and a broken cell phone. *Id.*

Jury Selection and Trial in this matter was most recently set for April 15, 2020, with a Pre-Trial Conference on March 17, 2020. On March 6, 2020, Defendant filed the instant motion to dismiss the second charge of Criminal Mischief (As a Misdemeanor) on the basis of civil compromise. Attached to the Motion is Ms. Octavia's Affidavit in Support of Motion to Dismiss Due to Civil Compromise.

A Motion Hearing was set for March 17, 2020, the same day as the Pre-Trial Conference; however, due to the closure of the Guam Judicial Center to the public because of public health concerns arising from COVID-19 (coronavirus pandemic),[1] the hearing did not take place and Jury Selection and Trial will be rescheduled to a later date. The Court has not received any written response to the Motion from the People of Guam.

## DISCUSSION

Defendant moves the Court to dismiss the Second Charge of Criminal Mischief (As a Misdemeanor)[2] because he and the alleged victim have reached a civil compromise under 8 G.C.A. § 80.90. *See generally*, Mot. Civil Compromise, Mar. 6, 2020.

Under Guam law:

---

[1] Because of public health concerns arising from the COVID-19 (coronavirus pandemic), *I Maga'hågan Guåhan* has issued several executive orders to stem the spread of the virus: Executive Order No. 2020-03, declaring a State of Emergency; Executive Order No. 2020-04, closing non-essential government operations through March 30, 2020; Executive Order No. 2020-05, prohibiting public gatherings and mandating social isolation; Executive Order No. 2020-06, extending the suspension of non-essential government offices by an additional fourteen days; and Executive Order No. 2020-09, extending the public health emergency until May 5, 2020. Pursuant to these orders, the Supreme Court of Guam issued Administrative Order No. ADM20-210, closing the Judiciary of Guam for all but essential services until March 30, 2020; Administrative Order No. ADM20-214, extending the closure until April 15, 2020; and Administrative Order No. ADM20-220, further extending the closure until May 6, 2020.

[2] The Court notes that Defendant's Motion for Civil Compromise first sets forth that he is moving to dismiss both the charges of Family Violence (As a Misdemeanor) and Criminal Mischief (As a Misdemeanor). *See* Mot. Civil Compromise at 1. However, the body of Defendant's Motion and the conclusion only refer to the charge of Criminal Mischief (As a Misdemeanor). Therefore, the Court will only address this matter as to the Second Charge of Criminal Mischief (As a Misdemeanor).

*People v. Camacho*
Case No. CM0539-18
Decision and Order

(a) When the defendant has been charged with the commission of an offense which is not a felony for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided by this Section.

(b) If the person injured appears before, or files his declaration in, the court in which the criminal action is pending at any time before trial and acknowledges that he has received satisfaction for the injury, the court may, on payment of the costs incurred, order the criminal action dismissed.

(c) A dismissal under this Section is a bar to another prosecution for the same offense.

8 G.C.A. § 80.90.

Here, Defendant is charged with a misdemeanor, not a felony. Further, the alleged victim, Ms. Octavia, has a remedy by civil action. Lastly, Ms. Octavia has filed an affidavit with the Court. In her Affidavit, Ms. Octavia acknowledges that she has received satisfaction for her injury. *See* Affidavit ¶ 8 (Mot. Civil Compromise), Mar. 6, 2020. Accordingly, the Court is satisfied that the requirements of section 80.90 are met. The Court must now determine whether it should exercise its discretion to dismiss the criminal charge in this matter.

Section 80.90 is based on California Penal Code sections 1377 and 1378, *see* 8 G.C.A. § 80.90, Note, and thus California law is persuasive in the absence of any compelling reason to deviate. *See Zurich Ins. (Guam), Inc. v. Santos*, 2007 Guam 23 ¶ 7. In California, the legislative purpose of civil compromise is to remove from criminal prosecution offenses for which there is an adequate civil remedy instead of "subjecting the accused to criminal sanctions for the welfare of society in general." *People v. Stephen*, 227 Cal. Rptr. 380, 388 (Cal. App. 1986). Appropriate factors for the Court to consider include: (1) whether the civil injury was coextensive with the criminal violation; (2) whether the circumstances were such that through private settlement the injury to the public was fully vindicated; and (3) whether the victim's settlement agreement was made voluntarily. *People v. Moulton*, 182 Cal. Rptr. 761, 767-68 (Cal. App. 1982).

As to the first factor, the Court finds that the civil injury was coextensive with the criminal violation, which is apparent from the availability of an adequate civil remedy. In her Affidavit, Ms. Octavia states that she has received satisfaction for her injury and wishes to compromise this

case civilly. (Affidavit ¶ 8). As to the second factor, the serious of the injury and the circumstances of the offense are relevant. *See Moulton*, 182 Cal. Rptr. At 768. The Court notes that only the criminal mischief charge is being moved to be dismissed through civil compromise, and that the family violence charge will remain. Additionally, in this type of situation where the parties may share or have shared household expenses, there is no public injury in criminal mischief as it involved a broken cell phone. As to the third and last factor, the Court does not have any indication that the civil compromise was entered involuntarily. Since this incident occurred, the parties have divorced. *See* Mot. Civil Compromise at 3. Further, there has been a significant length of time in between the incident that led to the instant matter and the filing of the Motion for Civil Compromise and Ms. Octavia's Affidavit. Accordingly, the Court finds dismissal of the Second Charge of Criminal Mischief (As a Misdemeanor) appropriate under the civil compromise statute and grants Defendant's Motion.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion to Dismiss Due to Civil Compromise as to the Second Charge of Criminal Mischief (As a Misdemeanor). Further Proceedings will be set upon the reopening of the Guam Judicial Center to the public.

**IT IS SO ORDERED** this 24th day of April, 2020.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

*People v. Camacho*
Case No. CM0539-18
Decision and Order